At this term, Jesse L. Floyd, *Page 111 
who was a Justice of the Peace of the county, was indicted and tried for forging the record of a suit before him as such. The indictment contained two counts, alleging that he was at the time a duly constituted Justice of the Peace of the county, the first of which alleged the offense by setting out a full copy of what purported to be his docket entry in an action of assumpsit tried before him at the suit of Ferdinand Hiller against Robert Wagner for $15.00, commenced on the 8th day of November 1860, of the issue, service and return of process on the 13th of that month, and of the appearance of the defendant, and of the entry of judgment by confession against him on that day for the amount and 56 cents costs, with this further entry immediately following that of the judgment, to wit: On the 13th day of November A. D. 1860, James Montgomery becomes surety that this judgment shall be fully satisfied. And that he feloniously forged the said record with intent to defraud the said Robert Wagner. The second count set out the same, but alleged that he forged the said record with the intent to defraud the said James Montgomery.
On the trial it appeared in evidence that the only false and fraudulent entry in it was the last, which stated that James Montgomery had become security for the payment of the judgment, and that he never signed or sanctioned it, or knew of it until about nine months afterwards.
Any judicial tribunal in England having the power to fine and imprison, was said to be in contemplation of law a Court of Record, but there was little or no analogy between Justices of the Peace in that country and in this State. The court of a Justice of the Peace in this State had never been considered or held to be a Court of Record, in the true import and legal signification of that term, although in ordinary parlance the docket entries which Justices of the Peace were required to make and keep in suits before them, were called records, but they were always called records of Justices of the Peace, and not records of a Court of Record; and such docket entries not being within the purview of the section of the statute referred to, and under which the indictment had been framed, it could not be sustained.